<hr />

## JOHN W. JOHNSON *et al.*

### *v.*

## LUCIAN B. BARRY.

*Filed at Ottawa June 16, 1880.*

PARTNERSHIP—*whether a purchase is for firm or for one partner.* Where A, in the storage business and a grain dealer, made an arrangement with an owner of corn to store the same with the privilege of buying the same, and then formed a partnership with B before the corn was delivered, and, after selling and shipping the grain, A gave a note in the firm name for the price, it was held, that the prior arrangement did not limit his power as a partner after the partnership was formed to purchase the grain, and that the giving of the firm note for the price amounted to a purchase for the firm, and made B liable on the note.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLADES, KAY & EVANS, for the appellants.

Messrs. HOLLAND & AYRES, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

N. A. Beiseker had been in the storage business and a dealer in grain prior to and in the early part of 1875. Johnson, some time in February, 1875, formed a partnership with Beiseker in the storage and grain business.

About the time this partnership was formed, Beiseker made a verbal contract with Barry to receive and store a quantity of corn for him, with the privilege of buying it, and with the agreement that if Beiseker bought the corn, there should be no charge for storage. It is a question of fact in dispute whether this contract was made before or after the formation of the partnership of Beiseker and Johnson. After the partnership was formed the corn was hauled in and stored in a crib. Beiseker received the corn and gave tickets showing the amount of the several loads.

In June Barry found that his grain had been shipped, and demanded payment. Thereupon Beiseker gave to him a promissory note for the price of the corn—$450.40—signed by him in the firm name, Beiseker & Johnson, and also by one Donavan, as security. Not long after this, Beiseker absconded, and this is an action upon that note, in which Johnson was one of the defendants. The defence set up by him was, in substance, that the corn transaction in question was not a matter of the partnership business, but was an affair of Beiseker alone, and hence Beiseker had no authority to sign the firm name to the note.

There seems no ground to doubt that the corn was received by Beiseker after the partnership was formed. He and Johnson were partners when the corn was shipped and when the

note was given.   Johnson insists the original *contract* about the corn was made before the partnership began, and assumes that if that be so, he is not liable upon the note.

This was the view of the law taken by the circuit court, and the question of fact was distinctly submitted to the jury, and they found that the original contract was made during the partnership.   The evidence is conflicting on this question, but we find no reason to hold the finding was wrong.   If that fact were found otherwise, it would seem that the agreement on the part of Beiseker to store the grain for Barry, with the privilege of buying for himself, even if made before the partnership was formed, would not at all limit the power of Beiseker as a partner after the partnership began, and thus prevent him from buying for his firm.   This he professed to do and did do, and we see no ground to doubt the liability of his partner.

The judgment is affirmed.

*Judgment affirmed.*